IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SMITH, PKA MATT HEART,<br><br>          Plaintiff,<br><br>     v.<br><br>SUMMIT ENTERTAINMENT, LLC,<br><br>          Defendant.<br>AND RELATED COUNTERCLAIMS<br>_____/ | Case No. 13-mc-80104 JSW (JSC)<br><br>**ORDER DENYING MOTION TO COMPEL (Dkt. No. 1)** |

Plaintiff Matthew Smith sued Defendant Summit Entertainment, LLC in Ohio federal court arising out of Summit's submission of a "takedown notice" for a video Smith had posted on YouTube. Summit now moves to compel non-party Google, Inc. to produce discovery regarding its preparation of an affidavit in the Ohio litigation. After carefully considering the parties' submissions, and having had the benefit of oral argument on June 27, 2013, Summit's motion is denied. The discovery Summit seeks is not reasonably likely to lead to the discovery of information relevant to the Ohio lawsuit.

## BACKGROUND

In 2010 Smith uploaded a song entitled "Eternal Knight" to YouTube and other online services. Summit subsequently submitted Digital Millennium Copyright Act ("DMCA") takedown notices to those services, including YouTube, alleging that the video infringed Summit's intellectual property rights. In response, YouTube removed the video. A few months later, Smith sued Summit in Ohio federal court for a violation of section 512(f) of the DMCA. Smith alleges that his video does not violate any of Summit's rights and that Summit knowingly misrepresented that the video infringed.

Summit subsequently served a subpoena on Google seeking documents on various topics, including Summit's takedown request to YouTube. After various meet and confer efforts, Google ultimately stated that it would not produce any documents in response to the subpoena. Several months later, at a deposition of a Summit witness, Smith produced an affidavit from Google with a caption from the Ohio litigation regarding YouTube's takedown policies and procedures ("the Affidavit"). Attached to the Affidavit was a copy of the takedown notice submitted by Summit to YouTube.

"In order to find out why Google had apparently had a change-of-heart, and to determine what was said between Google and Smith, Summit served a second deposition and documents subpoena on Google." (Dkt. No. 1 at 6.) Among other topics, Summit sought testimony regarding the creation of the Affidavit and all communications between Google and Smith regarding the Affidavit. In response to the subpoena, Google produced 133 pages of documents, including documents evidencing communications between Smith's counsel and Google. Prior to the production of the Affidavit and the documents, Summit had been unaware of any communications between Google and Smith.

Google also produced its employee Debra Tucker for a 30(b)(6) deposition. Ms. Tucker signed the Affidavit attesting to Google's policies and procedures. At her deposition, however, Ms. Tucker was unable to testify as to any communications between Smith and Google or the creation of the Affidavit. Summit now seeks to compel Google to produce a

witness competent to testify as to (1) the creation of the Affidavit, and (2) communications between Smith and Google regarding the Affidavit and the production of documents.

## DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Summit has failed to persuade the Court that the discovery it seeks is relevant to any claim or defense in the Ohio litigation. Its only argument appears to be that it is entitled to explore why Google assisted Smith and not Summit. But Summit has failed to explain why such "onesidedness" matters. In response to a question from the Court at oral argument, Summit conceded that it does not have a good faith belief that anything in the Affidavit is inaccurate; thus, there is no reason to impeach Google's testimony. Moreover, Summit does not contend that at the 30(b)(6) deposition Google refused to answer questions regarding its policies and procedures, information which is arguably relevant to the underlying litigation.

It may be true that Summit will have to present the evidence regarding Google's policies and procedures that it deems important via deposition transcript rather than Affidavit, but why does that matter? There is no rule of which this Court is aware that requires a court to give more weight to evidence in an affidavit than in a deposition. Summit also complains that Google will appear as a neutral party when in fact it took sides. But Summit has the evidence it needs to argue that Google refused to assist Summit while at the same time it cooperated with Smith. In any event, in the end Summit has still failed to explain how such "bias" has any relevance to the material issues in the lawsuit. Accordingly, Summit's motion to compel is DENIED.

## CONCLUSION

As the discovery Summit seeks is not relevant to any claim or defense in the Ohio lawsuit, Summit's motion to compel is DENIED. Any objections to this Order must be filed

with the district court judge within 14 days of service of this Order. If no such objections are filed, the Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 27, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4